# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES )<br>170 S. Lincoln Street )<br>Suite 150 )<br>Spokane, WA 99201 )<br>        Plaintiff, )<br>    v. )<br> )<br>SECURITIES AND EXCHANGE COMMISSION )<br>100 F Street NE )<br>Washington D.C. 20549-2736 )<br> )<br>        Defendant. ) | Case No. 22-cv-3855 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY POLICY ADVOCATES ("EPA") for its complaint against Defendant U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to one FOIA request. This action is filed following the SEC's failure to comply with the express terms of FOIA, including but not limited to its failure to provide any substantive response to the request at issue. This failure to comply with FOIA also includes the agency's failure to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), its failure to respond to Plaintiff's request, and its constructive or actual withholding of responsive information and/or documents in violation of Defendant's obligations.

## PARTIES

2. Plaintiff Energy Policy Advocates ("EPA") is a non-profit organization incorporated in the State of Washington and dedicated to transparency and open government. Energy Policy Advocates uses state and federal open records laws to inform the public on the operations of government including private influences on government policymaking and other actions.

3. Defendant Securities and Exchange Commission ("SEC") is an independent federal agency located in Washington, DC. The stated "mission of the SEC is to protect investors; maintain fair, orderly, and efficient markets; and facilitate capital formation."

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. EPA is not required to further pursue administrative remedies before seeking relief in this Court because Defendant still neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

## ENERGY POLICY ADVOCATES' FOIA REQUEST

7. On October 18, 2022, Plaintiff submitted by email a request to Defendant seeking copies of all emails forwarded to SEC over a specified period of time by SEC Chairman Gary Gensler from a non-.gov email account.

8. The aforementioned FOIA request followed SEC informing requester, through counsel, on October 12, 2022, that "in the event that he [Chair Gensler] is contacted about SEC business via his personal account, his practice is to forward those emails to his SEC email account and to copy staff in his office on those emails." This request seeks those emails.

9. SEC acknowledged the request on October 20, 2022, assigning it tracking number 23-00144-FOIA.

10. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

11. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the Department's receipt of the requester's response to the Department's request for information or clarification ends the tolling period.

12. SEC owed Plaintiff a "*CREW*" response to its request, including a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), on or about November 15, 2022. SEC has provided no substantive response or "determination" with

respect to the request as that term is defined in the Freedom of Information Act and as explained by the D.C. Circuit in *CREW v. Federal Election Commission*, 711 F.3d 180, 188.

13. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments [to FOIA] was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

14. SEC is now past its statutory period for issuing such a determination on the above-described request without providing any substantive response to Plaintiff's request. Among the consequences of SEC's violations of the statutory time limits of FOIA, is that SEC cannot now seek fees.

15. Defendant has yet to produce any records responsive to 23-00144-FOIA, and has also otherwise failed to provide any substantive response or "determination."

16. Defendant SEC continues to improperly deny Plaintiff access to agency records in violation of FOIA, and further declines to make the statutorily required "determination" regarding when the Plaintiff might expect to be granted access to the documents it has requested.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

17. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

18. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

19. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

20. Plaintiff is not required to further pursue administrative remedies.

21. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. SEC's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy SEC's obligations under FOIA;

    c. SEC must now produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

22. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

23. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein.

24. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records at issue without cost to the plaintiff, or alternatively to relief enjoining the Defendant from assessing costs to produce the records at issue.

25. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

26. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced

documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to SEC's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Attorney's Fees

27. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

28. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

29. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Energy Policy Advocates respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, and/or by failing to notify Plaintiff of final determination within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 31st day of December 2022,

        ENERGY POLICY ADVOCATES
        By Counsel:

        /s/Matthew D. Hardin
        Matthew D. Hardin, D.C. Bar No. 1032711
        Hardin Law Office
        1725 I Street NW, Suite 300
        Washington, DC 20006
        Phone: (202) 802-1948
        Email: MatthewDHardin@protonmail.com